IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHERRIE S. SPEIGHT, )
)
        Plaintiff, )
)
v. ) 1:18CV724
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
        Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sherrie S. Speight ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Act. Defendant filed an Answer [Doc. #6], and Plaintiff filed a Motion for Judgment Reversing the Commissioner [Doc. #12]. However, rather than filing a Motion for Judgment Affirming the Commissioner, Defendant instead filed a Motion to Remand [Doc. #16] agreeing that "further evaluation of Plaintiff's disability claim is warranted" and that the case should be remanded under sentence four of 42 U.S.C. 405(g). Thus, the parties agree that further review of Plaintiff's disability claim is warranted on the merits. However, in the Motion to Remand, Defendant contends that a new hearing should not be mandated. Plaintiff filed a Response objecting to that assertion and asking the Court to mandate a new administrative hearing on remand.

Under sentence four of 42 U.S.C. 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, <u>with or without remanding the cause for a rehearing</u>." 42 U.S.C. 405(g) (sentence four). Thus, the plain language of sentence four "authorizes a district court to enter a judgment 'with or without' a remand order." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 299 (1993). Reversal <u>without</u> remand for rehearing would result in an immediate award of benefits. <u>See</u> <u>Breeden v. Weinberger</u>, 493 F.2d 1002, 1011-12 (4th Cir. 1974) (noting that it is "appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."). Ordinarily, district courts should instead "remand to give the Secretary an opportunity to apply the correct legal standard." <u>Id.</u> Here, the Parties agree that the Court should enter a judgment reversing the decision of the Commissioner <u>with</u> a remand order. Therefore, consistent with the statutory language of Section 405(g) sentence four, the Court recommends that judgment be entered "reversing the decision of the Commissioner of Social Security, with . . . [a] remand[] [of] the cause <u>for a rehearing</u>." 42 U.S.C. 405(g).

The Court further notes that a remand vacating the ALJ's decision and remanding for further hearing is also consistent with the Social Security Administration's own internal guidance, as noted by Plaintiff. <u>See</u> Hearings, Appeals, and Litigation Law Manual (HALLEX), Section I-2-8-18, Administrative Law Judge Decision When Case Remanded by Court ("If the Appeals Council (AC) remands a case to the hearing level after a court remand,

2

it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo.").

Finally, it appears that a rehearing would be appropriate in light of the issues raised in Defendant's concession and Motion to Remand. In this regard, the Court notes that Defendant stipulates as follows:

> On remand, the Commissioner, through the Appeals Council, will refer Plaintiff's case to an Administrative Law Judge ("ALJ)" to further evaluate her claim, with instructions to
>
> (i) further consider Plaintiff's mental impairments using the special review technique and corresponding mental limitations in her residual functional capacity (RFC);
>
> (ii) obtain supplemental vocational expert evidence to determine if there are other jobs that Plaintiff can perform at step five; and
>
> (iii) reconcile any and all inconsistencies with the Dictionary of Occupational Titles.

(Def.'s Br. at 2.) Plaintiff reasonably contends that further consideration of Plaintiff's mental impairments may alter her RFC and would require a hearing, and that further testimony from a Vocational Expert would also require a hearing to allow Plaintiff the opportunity for cross-examination. See, e.g., Townley v. Heckler, 748 F.2d 109, 114 (2d Cir.1984). Defendant fails to explain how the re-examination she proposes can be fairly and efficiently conducted without a hearing, or how her proposal is consistent with the statutory language or regulatory guidance.

Therefore, the undersigned recommends that this case be remanded to the Commissioner for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). The prior determination should be vacated, and on remand, the record must be fully developed and the

3

findings must be fully explained, including with respect to the specific issues noted in Defendant's Motion to Remand.[1]

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Remand [Doc. #16] be GRANTED as set out herein, that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing consistent with this Recommendation. Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #12] should be DENIED as moot.

This, the 24th day of April, 2019.

                                                   /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge

---

[1] Notably, this Court does not retain to jurisdiction regarding the scope of those future proceedings, and any failure to provide a sufficient rehearing or other failure in the administrative process on remand would have to be raised separately in a subsequent appeal See Sullivan v. Finkelstein, 496 U.S. 617, 624–25 (1990) (finding that under section 405(g), "[t]he use of the term 'a civil action' suggests that at least in the context of § 405(g), each final decision of the Secretary will be reviewable by a separate piece of litigation" and courts do not retain jurisdiction of a remanded action when the remand was made pursuant to sentence four).